# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

RANDY SMITH, SHARM BROWN,
individually and as next friend of C.B.,
ALBREONA BROWN, PATRICK BOONE,
REGINALD SMITH, MELANIE SMITH, ,
LILIANE WHITMAN, individually and as
proposed representative of the estate of
WILLIAM WHITMAN, ROSELLA YOKEUM,
PATRICK YOKEUM, JEANNETTE
EDMONDSON, SHAWN ZILLMANN,
KRISTINA WALKER, EDWARD MARTIN,
NANCY PATTERSON, LORI PHILLIPS,
MARGARET MCELROY, WILLIAM
MCELROY, LORE CZAPLA, EDWARD
CZAPLA, MARK ERKER, VALERIE KEITH,
SHARON FOX, DANICA BISPING, MONYSU
BISPING,  individually and as next friend of
W.B., M.B., and K.B., KAREN ZAJICEK,
MARIAH VANN, HEVINE SCHMIDT, AL
SCHMIDT, MICHELLE LEE ANNE MORRIS,
individually and as next friend of M.B. and R.R ,
DENCIL PAYNE, DENNY ROBERTSON,
CHRIS RODGERS, MARIA RODRIGUEZ,
JOSEPH KLIMCZAK, MALGORZATA
KLIMCZAK, DOROTHY KLIMCZAK, LISA
BALLE, STEFANUS BALLE, KENNETH
GERRARD, LIAM GERRARD, LEYA
GERRARD, DAWSON STRICKLAND,
CONNIE STRICKLAND, OLOWAN
JOHNSON, JEFFREY JOHNSON,
SAMANTHA FRAZIER, KARIN FRAZIER,
ROBERT PADEWAY, MARIA BUGTONG,
DANEL HIGGINS, ANTHONY VOEHL,
individually and as next friend of C.V.1 and
C.V.2 and as proposed representative of the
estate of LENA VOEHL, NATHAN OWNBY,
RITA WESTCOTT, individually and as
proposed representative of the estate of  TEDDY
WESTCOTT, LINDA O'DONNELL, CANDY

1

BETZLER, ANTOINETTE BETZLER,
RAYMOND BETZLER, LEWIS BIGNELL,
BETH BIGNELL, WENDY FERGUSON,
RODNEY FERGUSON, MICHELLE
DAUGHERTY, GREG DAUGHERTY, JONA
FREEMAN, DILVER BROWN, NANCY
BROWN, REVISIA VANOLKINBURG,
MERLE MICKELSON, ERYN MAGGARD,
individually and as next friend of M.M. and
K.M., JUDY KNUTSON-JENNINGS,
CLAUDIA JENNINGS, KELLY JENNINGS,
SHANNON JENNINGS, KEVIN BARNETT,
LORETTA BARNETT, EARL COATS III,
LONNIE ROSS, LONE ROSS, LINDA
EISENBACK, ANNIE WRIGHT, AMANDA
SGARAGLINO, MARY WILLIAMS,
GEORGE FRANZ, ELIJAH HOLMES,
ROBERT DEAN, CINDY VIALPANDO,
individually and as next friend of R.V.,
ANGELIKA RASH, CYNTHIA BAZA,
individually and as next friend of Z.M. and N.M,
BRYAN MARTINEZ,  JOSEPH BERNAL,
individually and as next friend of A.B., RHYAN
BERNAL, CHRISTIAN BERNAL, TAMBRA
BERNAL, FLORENTINA MATA, JAKE
GEIGER, SALLY COLON, ISRAEL COLON,
DELBERT MURRAY ROUNDS, JESSIE
LOVE, ELISASBETH BROWNSCHIEDEL,
CATHERINE MABRY, ADAM GAULDIN,
individually and as next friend of A.G.1 and
A.G.2, , INGRID FENLON, ANDREW
FENLON, JOHN SHULTZ, JOSEPH SHIVE,
ANDREA KNOEBEL, individually and as next
friend of H.M. and P.M.,  NORMA TAYLOR,
ANTHONY TAYLOR, DWIGHT JOHNSON,
ANNIE CAPLE, JOVIA'L LEIGH, ANGEL
TITUS, CATHERINE HAWKINS, individually
and as proposed representative of the estate of
FUKUE ANNARELLA, MONIKA VANN,
HAROLD BROWN, YON O'DOM,  JEANNIE
HALOUSKA, individually and as proposed
representative of the estate of  ROGER
HALOUSKA, VERONICA HAYHUST,
individually and as next friend of  T.H., S.H.,
and A.H, JULIA BARELA, SHENTELL GUY,

2

individually and as next friend of K.G., L.G.,and
V.G , RODNEY SISCOE, TIFFANY
HARCLERODE, KAYLA HARCLERODE,
THOMAS BOLES, RICHARD GATES,
DANIELLE GATES,  individually and as next
friend T.G., N.G., and D.G., RAEDELL
BUSTAMANTE,  individually and as nextfriend
of A.B., JOSEPH BUSTAMANTE,FRANKLIN
VAUGHN-BEY, JENNIFERSMITH,
individually and as next friend of M.S.,
ANGELA CONNER, CARLA FARACI
BERRIER, BARBARA MARTINEZ,
individually and as next friend of B.M,
HILDEGARD PAGLOW, LINDA JOHNSON,
individually and as proposed representative of
the estate of  MICHAEL DEAN JOHNSON,
SAMANTHA MCKEE, KYLE STACY,
ROMAN CHAVEZ, MANUEL TRUJILLO,
DEBORAH TRUJILLO,  individually and as
next friend of F.M. and C.M., JOAN TODD,
DAVID SILVA, JOYCE RETANA, DEBRA
CONWAY, TROY CONWAY, ROBERT
FREEMAN, JUDITH FREEMAN, EVELYN
ACOSTA, ROGER HULTGREN, SUZANNE
HULTGREN, JULIE ANDRADA,
BENEDICTO ANDRADA, DAVID OVERDY,
TERESA OVERDY, PATRICIA HARWOOD,
LISA LOGAN, JAMES LOGAN, MARSHA
EPPS, CHARLENE NELSON, ROBERT
ALVAREZ, and  DIANE PARKER

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,

3

f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Randy Smith, Sharm Brown, individually and as next friend of C.B, Albreona Brown,
Patrick Boone, Reginald Smith, Melanie Smith, Liliane Whitman, individually and as proposed
representative of William Whitman, Rosella Yokeum, Patrick Yokeum, Jeannette Edmondson,
Shawn Zillmann, Kristina Walker, Edward Martin, Nancy Patterson, Lori Phillips, Margaret
Mcelroy, William Mcelroy, Lore Czapla, Edward Czapla, Mark Erker, Valerie Keith, Sharon
Fox, Danica Bisping, Monysu Bisping, individually and as next friend of W.B., M.B., and K.B.,
Karen Zajicek, Mariah Vann, Hevine Schmidt, Al Schmidt, Michelle Lee Anne Morris,
individually and as next friend of M.B. and R.R., Dencil Payne, Denny Robertson, Chris
Rodgers, Maria Rodriguez, Joseph Klimczak, Malgorzata Klimczak, Dorothy Klimczak, Lisa
Balle, Stefanus Balle, Kenneth Gerrard, Liam Gerrard, Leya Gerrard, Dawson Strickland,
Connie Strickland, Olowan Johnson, Jeffrey Johnson, Samantha Frazier, Karin Frazier, Robert
Padeway, Maria Bugtong, Danel Higgins, Anthony Voehl, individually and as next friend of
C.V.1 and C.V.2 and as proposed representative of the estate of Lena Voehl, Nathan Ownby,
Teddy Westcott, Rita Westcott, Linda O'donnell, Candy Betzler, Antoinette Betzler, Raymond
Betzler, Lewis Bignell, Beth Bignell, Wendy Ferguson, Rodney Ferguson, Michelle Daugherty,
Greg Daugherty, Jona Freeman, Dilver Brown, Nancy Brown, Revisia Vanolkinburg, Merle
Mickelson, Eryn Maggard, individually and as next friend of M.M. and K.M., Judy Knutson-
Jennings, Claudia Jennings, Kelly Jennings, Shannon Jennings, Kevin Barnett, Loretta Barnett,
Earl Coats Iii, Lonnie Ross, Lone Ross, Linda Eisenback, Annie Wright, Amanda Sgaraglino,
Mary Williams, George Franz, Elijah Holmes, Robert Dean, Cindy Vialpando, individually and
as next friend of R.V., Angelika Rash, Cynthia Baza, individually and as next friend of Z.M. and
N.M., Bryan Martinez, Joseph Bernal, individually and as next friend of A.B., Rhyan Bernal,
Christian Bernal, Tambra Bernal, Florentina Mata, Jake Geiger, Sally Colon, Israel Colon,

4

Delbert Murray Rounds, Jessie Love, Elisasbeth Brownschiedel, Catherine Mabry, Adam Gauldin, individually and as next friend of A.G.1 and A.G.2, Ingrid Fenlon, Andrew Fenlon, John Shultz, Joseph Shive, Andrea Knoebel, individually and as next friend of H.M. and P.M., Norma Taylor, Anthony Taylor, Dwight Johnson, Annie Caple, Jovia'l Leigh, Angel Titus, Fukue Annarella, Monika Vann, Harold Brown, Yon O'dom, Jeannie Halouska, individually and as proposed representative of the estate of Roger Halouska, Veronica Hayhurst, individually and as next friend of T.H., S.H., and A.H, Julia Barela, Shentell Guy, individually and as next friend of K.G., L.G., and V.G., Rodney Siscoe, Tiffany Harclerode, Kayla Harclerode, Thomas Boles, Richard Gates, Danielle Gates, individually and as next friend T.G., N.G., and D.G., Raedell Bustamante, individually and as next friend of A.B., Joseph Bustamante, Franklin Vaughn-Bey, Jennifer Smith, individually and as next friend of M.S., Angela Conner, Carla Faraci Berrier, Barbara Martinez, individually and as next friend of B.M., Hildegard Paglow, Linda Johnson, individually and as proposed representative of the estate of Michael Dean Johnson, Samantha Mckee, Kyle Stacy, Roman Chavez, Manuel Trujillo, Deborah Trujillo, individually and as next friend of F.M. and C.M., Joan Todd, David Silva, Joyce Retana, Debra Conway, Troy Conway, Robert Freeman, Judith Freeman, Evelyn Acosta, Roger Hultgren, Suzanne Hultgren, Julie Andrada, Benedicto Andrada, David Overdy, Teresa Overdy, Patricia Harwood, Lisa Logan, James Logan, Marsha Epps, Charlene Nelson, Robert Alvarez, And  Diane Parker by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.     The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.     Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.     The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.     The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.     The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.    As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

---

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final %20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.    The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

## Health Effects of PFOS and PFOA Exposure

29.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.    It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

42.    Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.    Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.    The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.    Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.    This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

49.    Plaintiff Randy Smith currently owns and resides at 1435 Bonita Drive. As a result of Randy Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Randy Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

50.     Plaintiff Sharm Brown, individually and as parent and natural guardian of C.B., currently owns and resides at 1436 Lynn Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharm Brown and C.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

51.     Plaintiff Albreona Brown currently resides at 1436 Lynn Drive, 7285 Metropolitan Street. As a result of Albreona Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Albreona Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.     Plaintiff Patrick Boone currently owns and resides at 144 Rose Drive. As a result of Patrick Boone's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Boone has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.     Plaintiff Reginald Smith currently owns and resides at 144 Steven Drive. As a result of Reginald Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Reginald Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.     Plaintiff Melanie Smith currently owns and resides at 144 Steven Drive. As a result of Melanie Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Melanie Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.     Plaintiff Liliane Whitman currently resides at 1449 Southmoor Drive. As a result of Liliane Whitman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Liliane Whitman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.     Plaintiff Liliane Whitman brings this action individually and as proposed representative of the Estate of William Whitman. For all times relevant herein, Liliane Whitman owned and resided at 1449 Southmoor Drive, Fountain, CO 80817. As a result of William Whitman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Whitman had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Kidney Cancer, and subsequently passed away. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.     Plaintiff Rosella Yokeum currently owns and resides at 145 Monk St. As a result of Rosella Yokeum's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosella Yokeum has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.  The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.     Plaintiff Patrick Yokeum currently owns and resides at 145 Monk St. As a result of Patrick Yokeum's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Yokeum has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.  The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.     Plaintiff Jeannette Edmondson currently owns and resides at 145 Norman Drive. As a result of Jeannette Edmondson's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Jeannette Edmondson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.    Plaintiff Shawn Zillmann currently resides at 1451 8th Street. As a result of Shawn Zillmann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shawn Zillmann has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.    Plaintiff Kristina Walker currently owns and resides at 1452 River Drive. As a result of Kristina Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristina Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.    Plaintiff Edward Martin currently resides at 1452 River Drive. As a result of Edward Martin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Martin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.    Plaintiff Nancy Patterson currently owns and resides at 147 Fordham Street. As a result of Nancy Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Patterson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.    Plaintiff Lori Phillips currently owns and resides at 148 Dartmouth Street, Colorado Springs, CO 80911. As a result of Lori Phillips's exposure to elevated levels of PFOA,

15

PFOS, and/or PFCs in the drinking water supply, Lori Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.    Plaintiff Margaret McElroy currently owns and resides at 148 Ely Street. As a result of Margaret McElroy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret McElroy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.    Plaintiff William McElroy currently owns and resides at 148 Ely Street. As a result of William McElroy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William McElroy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

67.    Plaintiff Lore Czapla currently owns and resides at 148 Fordham Street. As a result of Lore Czapla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lore Czapla has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.    Plaintiff Edward Czapla currently owns and resides at 148 Fordham Street 8104 Cedar Chase Drive. As a result of Edward Czapla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Czapla has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.    Plaintiff Mark Erker currently owns and resides at 148 Security Blvd. As a result of Mark Erker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Mark Erker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.    Plaintiff Valerie Keith currently owns and resides at 14906 99th Way SE. As a result of Valerie Keith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valerie Keith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.    Plaintiff Sharon Fox currently owns and resides at 150 Cherry Circle. As a result of Sharon Fox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Fox has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.    Plaintiff Danica Bisping currently owns and resides at 150 Ithaca Street. As a result of Danica Bisping's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danica Bisping has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.    Plaintiff Monysu Bisping, individually and as parent and natural guardian of W.B., M.B., and K.B., currently owns and resides at 150 Ithica Street 569 N Ramaldo Dr. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monysu Bisping, W.B., M.B., and K.B., has elevated levels of PFOA, PFOS, and/or PFCs in their blood and W.B. has been diagnosed with Thyroid Problems and M.B. has been

diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.    Plaintiff Karen Zajicek currently owns and resides at 151 Fordham Street. As a result of Karen Zajicek's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karen Zajicek has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.    Plaintiff Mariah Vann currently resides at 1520 Birch Street. As a result of Mariah Vann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mariah Vann has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.    Plaintiff Hevine Schmidt currently owns and resides at 1520 Birch Street. As a result of Hevine Schmidt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hevine Schmidt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.    Plaintiff Al Schmidt currently owns and resides at 1520 Birch Street. As a result of Al Schmidt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Al Schmidt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.    Plaintiff Michelle Lee Anne Morris, individaully and as parent and natural guardian of M.B. and R.R., currently owns and resides at 153 Dartmouth Street. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

18

Michelle Lee Anne Morris, M.B. and R.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Michelle Lee Anne Morris has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

79.     Plaintiff Dencil Payne currently owns and resides at 1533 Prado Drive. As a result of Dencil Payne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dencil Payne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

80.     Plaintiff Denny Robertson currently owns and resides at 1545 Leigh Lane. As a result of Denny Robertson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denny Robertson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff Chris Rodgers currently resides at 155 Cherry Circle. As a result of Chris Rodgers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chris Rodgers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

82.     Plaintiff Maria Rodriguez currently owns and resides at 155 Ely St. As a result of Maria Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Joseph Klimczak currently owns and resides at 155 Wellington St. As a

result of Joseph Klimczak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Klimczak has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.    Plaintiff Malgorzata Klimczak currently owns and resides at 155 Wellington Street. As a result of Malgorzata Klimczak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Malgorzata Klimczak has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.    Plaintiff Dorothy Klimczak currently owns and resides at 155 Wellington Street. As a result of Dorothy Klimczak's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Klimczak has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.    Plaintiff Lisa Balle currently owns and resides at 1555 Leigh Lane. As a result of Lisa Balle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Balle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87.    Plaintiff Stefanus Balle currently owns and resides at 1555 Leigh Lane 6775 Chesterfield St. As a result of Stefanus Balle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stefanus Balle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.    Plaintiff Kenneth Gerrard currently owns and resides at 156 Esther Drive. As a result of Kenneth Gerrard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Gerrard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.    Plaintiff Liam Gerrard currently owns and resides at 156 Esther Drive 50 Goret Dr. As a result of Liam Gerrard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Liam Gerrard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

90.    Plaintiff Leya Gerrard currently owns and resides at 156 Esther Drive 2071 Woodsong Way. As a result of Leya Gerrard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leya Gerrard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.    Plaintiff Dawson Strickland currently resides at 15735 Old Sanders Ferry. As a result of Dawson Strickland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawson Strickland has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.    Plaintiff Connie Strickland currently resides at 15735 Old Sanders Ferry Rd. As a result of Connie Strickland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Connie Strickland has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides

in or resided in El Paso County, Colorado.

93.    Plaintiff Olowan Johnson currently owns and resides at 1575 River Drive. As a result of Olowan Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Olowan Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.    The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff Jeffrey Johnson currently resides at 103 Watson Blvd. As a result of Jeffrey Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffrey Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.    Plaintiff Samantha Frazier currently resides at 1580 Southmoor Drive. As a result of Samantha Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samantha Frazier has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

96.    Plaintiff Karin Frazier currently owns and resides at 1580 Southmoor Drive. As a result of Karin Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karin Frazier has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.    Plaintiff Robert Padeway currently resides at 160 Ithaca St. As a result of Robert Padeway's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Padeway has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.    Plaintiff Maria Bugtong currently owns and resides at 160 Ithaca Street. As a

result of Maria Bugtong's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Bugtong has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.     Plaintiff Daniel Higgins currently resides at 160 Kilgore St. As a result of Daniel Higgins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Higgins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.     Plaintiff Anthony Voehl, individually and as parent and natural guardian of C.V.1 and C.V.2., currently owns and resides at 160 Kilgore Street. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Voehl, C.V.1 and C.V.2., have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

101.     Plaintiff Anthony Voehl brings this action as proposed representative of the Estate of Lena Voehl. For all times relevant herein, Anthony Voehl rented and resided at 160 Kilgore Street, Colorado Springs, CO 80911. As a result of Lena Voehl's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lena Voehl had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and subsequently passed away. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

102.     Plaintiff Nathan Ownby currently owns and resides at 1600 West 24th Street. As a result of Nathan Ownby's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nathan Ownby has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides

23

in or resided in El Paso County, Colorado.

103.    Plaintiff Rita Westcott currently owns and resides at 1600 Widefield Drive. As a result of Rita Westcott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Westcott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff Rita Westcott brings this action individually and as proposed representative of the Estate of Teddy Westcott. For all times relevant herein, Rita Westcott owned and resided at 1600 Widefield Drive, Security, CO 80911. As a result of Teddy Westcott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teddy Westcott had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Kidney Cancer; Liver Problems; Ulcerative Colitis, and subsequently passed away. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Linda O'Donnell currently resides at 1605 Hallam Ave. As a result of Linda O'Donnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda O'Donnell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Candy Betzler currently owns and resides at 161 Kilgore Street. As a result of Candy Betzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Candy Betzler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.    Plaintiff Antoinette Betzler currently owns and resides at 161 Kilgore Street. As a

result of Antoinette Betzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Antoinette Betzler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.    Plaintiff Raymond Betzler currently owns and resides at 161 Kilgore Street 252 Davie Dr. As a result of Raymond Betzler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raymond Betzler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.    Plaintiff Lewis Bignell currently resides at 1613 Main Street. As a result of Lewis Bignell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lewis Bignell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.    Plaintiff Beth Bignell currently resides at 1613 Main Street, 1845 Manning Way. As a result of Beth Bignell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beth Bignell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.    Plaintiff Wendy Ferguson currently owns and resides at 1616 Widefield Drive. As a result of Wendy Ferguson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wendy Ferguson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Rodney Ferguson currently owns and resides at 1616 Widefield Drive 151 Fordham Street. As a result of Rodney Ferguson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rodney Ferguson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.    Plaintiff Michelle Daugherty currently owns and resides at 162 Grinnell Street. As a result of Michelle Daugherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Daugherty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.    Plaintiff Greg Daugherty currently owns and resides at 162 Grinnell Street 2030 Afton Way. As a result of Greg Daugherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Greg Daugherty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

115.    Plaintiff Jona Freeman currently resides at 163 Wellington St. As a result of Jona Freeman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jona Freeman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

116.    Plaintiff Dilver Brown currently resides at 164 Ithaca St, 8159 Sedgewick Drive. As a result of Dilver Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dilver Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Nancy Brown currently owns and resides at 164 Ithaca Street. As a result

of Nancy Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.    Plaintiff Revisia Vanvolkinburg currently resides at 1649 33rd Avenue South Apt 202. As a result of Revisia Vanvolkinburg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Revisia Vanvolkinburg has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

119.    Plaintiff Merle Mickelson currently owns and resides at 1655 Luna Drive. As a result of Merle Mickelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Merle Mickelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Waltraud Mickelson currently owns and resides at 1655 Luna Drive. As a result of Waltraud Mickelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Waltraud Mickelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.    Plaintiff Eryn Maggard, individually and as parent and natural guardian of M.M. and K.M., currently owns and resides at 16555 Degroot Road. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eryn Maggard, M.M. and K.M., have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Eryn Maggard has been diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff Judy Knutson-Jennings currently owns and resides at 166 Ithaca Street. As a result of Judy Knutson-Jennings's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judy Knutson-Jennings has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff Claudia Jennings currently resides at 166 Ithaca Street. As a result of Claudia Jennings's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Claudia Jennings has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.    Plaintiff Kelly Jennings currently owns and resides at 166 Ithaca Street. As a result of Kelly Jennings's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelly Jennings has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.    Plaintiff Shannon Jennings currently resides at 166 Ithaca Street. As a result of Shannon Jennings's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Jennings has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

126.    Plaintiff Kevin Barnett currently owns and resides at 17 Easy St. As a result of Kevin Barnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Barnett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

28

has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

127.    Plaintiff Loretta Barnett currently owns and resides at 17 Easy Street 2506 Ivanhoe Drive. As a result of Loretta Barnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Loretta Barnett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

128.    Plaintiff Earl Coats III currently resides at 17 Taos Circle. As a result of Earl Coats III's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Earl Coats III has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Lonnie Ross currently owns and resides at 170 Ithaca St. As a result of Lonnie Ross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lonnie Ross has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.    Plaintiff Lone Ross currently resides at 170 Ithaca Street. As a result of Lone Ross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lone Ross has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

131.    Plaintiff Linda Eisenback currently owns and resides at 1700 Main St. As a result of Linda Eisenback's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Eisenback has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's

blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.     Plaintiff Annie Wright currently owns and resides at 1704 Main Street. As a result of Annie Wright's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annie Wright has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.     Plaintiff Amanda Sgaraglino currently resides at 1705 Boyette Road Suite 207. As a result of Amanda Sgaraglino's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Sgaraglino has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.     Plaintiff Mary Williams currently resides at 1712 Hampton Circle, Apt. 2. As a result of Mary Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.     Plaintiff George Franz currently resides at 1725 River Drive. As a result of George Franz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Franz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.     Plaintiff Elijah Holmes currently resides at 1753 Blackhawk St. As a result of Elijah Holmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elijah Holmes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137.    Plaintiff Robert Dean currently resides at 176 Widefield Blvd. As a result of Robert Dean's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Dean has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Cindy Vialpando, individually and as parent and natural guardian of R.V., currently resides at 176 Widefield Blvd. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cindy Vialpando and R.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Cindy Vialpando has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

139.    Plaintiff Angelika Rash currently owns and resides at 176 Widefield Blvd. As a result of Angelika Rash's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelika Rash has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Cynthia Baza, individually and as parent and natural guardian of Z.M. and N.M., currently resides at 176 Widefield Blvd, 119 Ithaca Street. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Baza, Z.M., and N.M. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Cynthia Baza has been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or

resided in El Paso County, Colorado.

141.    Plaintiff Bryan Martinez currently resides at 176 Widefield Blvd. As a result of
Bryan Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water
supply, Bryan Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.
The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Joseph Bernal, individually and as parent and natural guardian of A.B.,
currently owns and resides at 17625 Vigilante View, Fountain, CO 80817. As a result of their
exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph
Bernal and A.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs
currently reside in or resided in El Paso County, Colorado.

143.    Plaintiff Rhyan Bernal currently resides at 17625 Vigilante View. As a result of
Rhyan Bernal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water
supply, Rhyan Bernal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and
has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El
Paso County, Colorado.

144.    Plaintiff Christian Bernal currently owns and resides at 17625 Vigilante View 520
Widefield Drive. As a result of Christian Bernal's exposure to elevated levels of PFOA, PFOS,
and/or PFCs in the drinking water supply, Christian Bernal has elevated levels of PFOA, PFOS,
and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County,
Colorado.

145.    Plaintiff Tambra Bernal currently owns and resides at 17625 Vigilante View 6886
Millbrooke Circle. As a result of Tambra Bernal's exposure to elevated levels of PFOA, PFOS,
and/or PFCs in the drinking water supply, Tambra Bernal has elevated levels of PFOA, PFOS,

and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Florentina Mata currently resides at 1806 Monteray Rd Apt. 419. As a result of Florentina Mata's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Florentina Mata has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Jake Geiger currently owns and resides at 1807 Saddleback Dr. As a result of Jake Geiger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jake Geiger has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.    Plaintiff Sally Colon currently owns and resides at 1817 Couch Place. As a result of Sally Colon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sally Colon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.    Plaintiff Israel Colon currently owns and resides at 1817 Couch Place. As a result of Israel Colon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Israel Colon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.    Plaintiff Delbert Murray Rounds currently owns and resides at 182 Dexter Street. As a result of Delbert Murray Rounds's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Delbert Murray Rounds has elevated levels of PFOA, PFOS,

and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.    Plaintiff Jessie Love currently resides at 1820 Monterey Road, Apt B. As a result of Jessie Love's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessie Love has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.    Plaintiff Elisasbeth Brownschiedel currently owns and resides at 1830 River Dr. As a result of Elisasbeth Brownschiedel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elisasbeth Brownschiedel has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.    Plaintiff Catherine Mabry currently owns and resides at 1830 River Dr. As a result of Catherine Mabry's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Catherine Mabry has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

154.    Plaintiff Adam Gauldin, individually and as parent and natural guardian of A.G.1 and A.G.2, resided at 7422 Colonial Lane, Fountain, CO 80817 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adam Gauldin, A.G.1 and A.G.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Adam Gauldin has been diagnosed with Thyroid Abnormality. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

155.    Plaintiff Ingrid Fenlon currently owns and resides at 1845 Manning Way. As a

result of Ingrid Fenlon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ingrid Fenlon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156.    Plaintiff Andrew Fenlon currently resides at 1845 Manning Way, 6550 Lauppe Road. As a result of Andrew Fenlon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Fenlon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.    Plaintiff John Shultz currently owns and resides at 185 Dexter St. As a result of John Shultz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Shultz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Joseph Shive currently owns and resides at 1850 River Drive. As a result of Joseph Shive's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Shive has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.    Plaintiff Andrea Knoebel, individually and as parent and natural guardian of H.M. and P.M., currently owns and resides at 1850 River Drive. As a result of Plaintiff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrea Knoebel, H.M. and P.M., have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Norma Taylor currently owns and resides at 1860 River Drive. As a

result of Norma Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Norma Taylor has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Anthony Taylor currently owns and resides at 1860 River Drive. As a result of Anthony Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Taylor has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Dwight Johnson currently owns and resides at 1890 River Drive. As a result of Dwight Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dwight Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Annie Caple currently owns and resides at 1890 River Drive 7243 Dove Valley Pl. As a result of Annie Caple's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annie Caple has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

164.    Plaintiff Jovia'l Leigh currently owns and resides at 1890 River Drive. As a result of Jovia'l Leigh's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jovia'l Leigh has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Angel Titus currently resides at 19 Hopi St. As a result of Angel Titus's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angel Titus has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

166.    Plaintiff Catherine Hawkins currently resides at 2587 Naples Drive, Colorado Springs, CO 80906. As a result of Catherine Hawkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Catherine Hawkins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Catherine Hawkins brings this action individually and as proposed representative of the Estate of Fukue Annarella. For all times relevant herein, Catherine Hawkins owned and resided at 1929 Hallam Avenue, Security, CO 80911. As a result of Fukue Annarella's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fukue Annarella had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Kidney and Bladder Problems, and subsequently passed away. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

168.    Plaintiff Monika Vann currently owns and resides at 196 Norman Drive. As a result of Monika Vann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monika Vann has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Harold Brown currently owns and resides at 20 Bella Vista Lane. As a result of Harold Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harold Brown has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides
in or resided in El Paso County, Colorado.

170.    Plaintiff Yon O'Dom currently owns and resides at 201 Cielo Vista St. As a result
of Yon O'Dom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water
supply, Yon O'Dom has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and
has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El
Paso County, Colorado.

171.    Plaintiff Jeannie Halouska currently owns and resides at 201 Landoe Ln. As a
result of Jeannie Halouska's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the
drinking water supply, Jeannie Halouska has elevated levels of PFOA, PFOS, and/or PFCs in
Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides
in or resided in El Paso County, Colorado.

172.    Plaintiff Jeannie Halouska owned and resided at 201 Landoe Ln, Colorado Spgs,
CO 80911. As a result of Jeannie Halouska's exposure to elevated levels of PFOA, PFOS, and/or
PFCs in the drinking water supply, Jeannie Halouska had elevated levels of PFOA, PFOS, and/or
PFCs in plaintiff's blood, and was diagnosed with High Cholesterol.. The Plaintiff currently
resides in or resided in El Paso County, Colorado.

173.    Plaintiff Veronica Hayhurst, individaully and as parent and natural guardian of
T.H., S.H., and A.H., currently resides at 2039 Chamberline Street, Colorado Springs, CO
80906. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the
drinking water supply, Veronica Hayhurst, T.H., S.H., and A.H have elevated levels of PFOA,
PFOS, and/or PFCs in plaintiff's blood, and Veronic Hayhurst has been diagnosed with
Pregnancy Problems and Thyroid Problems. The Plaintiffs currently reside in or resided in El

Paso County, Colorado.

174.    Plaintiff Julia Barela currently resides at 204 Everett Dr. As a result of Julia Barela's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Barela has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Shentell Guy, individually and as parent and natural guardian of K.G., L.G., and V.G. currently owns and resides at 204 Terrace Ct. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shentell Guy, K.G., L.G., and V.G have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shentell Guy has been diagnosed with High Cholesterol; Pregnancy Problems. a The Plaintiff currently resides in or resided in El Paso County, Colorado.

176.    Plaintiff Rodney Siscoe currently resides at 205 North Race Street. As a result of Rodney Siscoe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rodney Siscoe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Tiffany Harclerode currently owns and resides at 2050 Farnsworth Drive. As a result of Tiffany Harclerode's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Harclerode has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Kayla Harclerode currently resides at 2050 Farnsworth Drive. As a result of Kayla Harclerode's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Kayla Harclerode has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Thomas Boles currently resides at 20525 Camino Real Pt. As a result of Thomas Boles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Boles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff Richard Gates currently owns and resides at 20590 Drennan Rd. As a result of Richard Gates's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Gates has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Danielle Gates, individually and as parent and next friend of T.G., N.G., and D.G., currently owns and resides at 20590 Drennan Rd. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Gates, T.G., N.G., and D.G. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danielle Gates has been diagnosed with Thyroid Problems; Ulcerative Colitis. T.G. and N.G. have been diagnosed with Thyroid Problems; Ulcerative Colitis. D.G. has been diagnosed with Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

182.    Plaintiff Raedell Bustamante, individually and as parent and natural guardian of A.B. currently resides at 2063 Fairweather Way. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raedell Bustamante and A.B. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

183.    Plaintiff Joseph Bustamante currently resides at 2063 Fairweather Way. As a result of Joseph Bustamante's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Bustamante has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

184.    Plaintiff Franklin Vaughn-Bey currently resides at 2063 Fairweather Way. As a result of Franklin Vaughn-Bey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Franklin Vaughn-Bey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Jennifer Smith, individually and as parent and natural guardian of M.S., currently owns and resides at 20690 Via Feliz Point. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Smith and M.S. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jennifer Smith has been diagnosed with Pregnancy Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

186.    Plaintiff Angela Conner resided at 520 Calle Entrada, Colorado Springs, CO 80911 for all times relevant herein. As a result of Angela Conner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Conner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Hyperthyroidism; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

187.    Plaintiff Carla Faraci Berrier currently owns and resides at 2071 Woodsong Way. As a result of Carla Faraci Berrier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carla Faraci Berrier has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently

resides in or resided in El Paso County, Colorado.

188.    Plaintiff Barbara Martinez, individually and as parent and guardian of B.M., currently owns and resides at 208 Everett Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Martinez and B.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

189.    Plaintiff Hildegard Paglow currently owns and resides at 2081 Calle Fontana. As a result of Hildegard Paglow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hildegard Paglow has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Linda Johnson currently resides at 209 Jasper Drive. As a result of Linda Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Linda Johnson brings this action individually and as proposed representative of the Estate of Michael Dean Johnson. For all times relevant herein, Linda Johnson rented and resided at 209 Jasper Drive, Colorado Springs, CO 80911. As a result of Michael Dean Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Dean Johnson had elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Kidney and Bladder Problems, and subsequently passed away. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Samantha McKee currently owns and resides at 2095 Tyrone Drive. As a

42

result of Samantha McKee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samantha McKee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.    Plaintiff Kyle Stacy resided at 211 North Sante Fe Apt 207, Pueblo, CO 81003 for all times relevant herein. As a result of Kyle Stacy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kyle Stacy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

194.    Plaintiff Roman Chavez currently owns and resides at 2116 Hibbard Lane. As a result of Roman Chavez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roman Chavez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.    Plaintiff Manuel Trujillo currently owns and resides at 2116 Wodsong Way. As a result of Manuel Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Manuel Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.    Plaintiff Deborah Trujillo, individually and as parent and natural guardian of F.M. and C.M., currently owns and resides at 2116 Woodsong Way. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with

Thyroid Problems and F.M. has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

197.    Plaintiff Joan Todd currently owns and resides at 2120 El Vereda. As a result of Joan Todd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joan Todd has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff David Silva currently resides at 2124 Bent Tree Lane. As a result of David Silva's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Silva has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.    Plaintiff Joyce Retana currently resides at 2124 Bent Tree Lane. As a result of Joyce Retana's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce Retana has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Debra Conway currently owns and resides at 2124 Reminiscent Cir. As a result of Debra Conway's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Conway has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201.    Plaintiff Troy Conway currently owns and resides at 2124 Reminiscent Cir. As a result of Troy Conway's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Troy Conway has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff

44

currently resides in or resided in El Paso County, Colorado.

202.    Plaintiff Robert Freeman currently owns and resides at 2128 El Camino Nesta. As a result of Robert Freeman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Freeman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.    Plaintiff Judith Freeman currently owns and resides at 2128 El Camino Nesta 4940 Copper Springs View. As a result of Judith Freeman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judith Freeman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

204.    Plaintiff Evelyn Acosta resided at 2131 South Corrona Ave, Colorado Springs, CO 80905 for all times relevant herein. As a result of Evelyn Acosta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Evelyn Acosta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Liver Problems; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.    Plaintiff Roger Hultgren currently owns and resides at 214 East Iowa Avenue. As a result of Roger Hultgren's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roger Hultgren has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206.    Plaintiff Suzanne Hultgren currently owns and resides at 214 East Iowa Avenue.

As a result of Suzanne Hultgren's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Suzanne Hultgren has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207.     Plaintiff Julie Andrada currently resides at 216 Cunningham Drive. As a result of Julie Andrada's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julie Andrada has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208.     Plaintiff Benedicto Andrada currently owns and resides at 216 Cunningham Drive 5275 Wilhelm Drive. As a result of Benedicto Andrada's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benedicto Andrada has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209.     Plaintiff David Overdy currently owns and resides at 2163 Reminiscent Circle. As a result of David Overdy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Overdy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

210.     Plaintiff Teresa Overdy currently resides at 2163 Reminiscent Circle. As a result of Teresa Overdy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teresa Overdy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

211.     Plaintiff Patricia Harwood currently owns and resides at 2168 El Camino Meseta.

As a result of Patricia Harwood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Harwood has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.    Plaintiff Lisa Logan currently owns and resides at 217 Cunningham Drive. As a result of Lisa Logan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Logan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

213.    Plaintiff James Logan currently owns and resides at 217 Cunningham Drive. As a result of James Logan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Logan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

214.    Plaintiff Marsha Epps currently owns and resides at 217 Dexter St. As a result of Marsha Epps's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marsha Epps has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

215.    Plaintiff Charlene Nelson currently owns and resides at 2172 Bent Tree Ln. As a result of Charlene Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Nelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Hypothyroidism. The Plaintiff currently resides in or resided in El Paso County, Colorado.

216.     Plaintiff Robert Alvarez currently owns and resides at 218 Security Blvd. As a result of Robert Alvarez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Alvarez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

217.     Plaintiff Dianne Parker currently owns and resides at 2183 McCleary Lane. As a result of Dianne Parker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dianne Parker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

## Defendants

218.     When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

219.     The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

220.     Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or

employees, or due to the ownership, maintenance, or control of the instrumentality causing them

injury, or in some other actionable manner.

221.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an

American multinational corporation based in Maplewood, Minnesota and incorporated in

Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company.

With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people,

operates in approximately 70 countries, and produces more than 55,000 products. 3M does

business throughout the United States, including in the state of Colorado.

222.    3M designed, manufactured, and sold AFFF used in training operations and for

emergency fire-fighting situations.

223.    3M is engaged in substantial and not isolated activity in this State; all as more

fully alleged herein.

224.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL

COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One

Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures

the ANSUL brand of products, including ANSUL brand AFFF.

225.    Upon information and belief, Defendant TYCO is the successor in interest to the

corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall

collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as

"TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF

used in training operations and for emergency fire-fighting situations.

226.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

227.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

228.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

229.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

230.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

231.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

232.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

50

233.     KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

234.     KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

235.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

236.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

237.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

238.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

239.     Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

240.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

241.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

242.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

243.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

244.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

245.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

246.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

247.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

248.   NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

249.   At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

250.   AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

251.   AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

252.   AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

253.   Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

254.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

255.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

256.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

257.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

258.    The USAF uses 3% AFFF for its installations.

259.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

260.    3M was the only company to manufacture PFOS-containing AFFF.

261.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

262.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

263.    In 1947, 3M began producing PFOA via ECF.

264.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

265.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

266.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

267.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

268.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

269.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

270.    Early studies showed that PFCs accumulated in the human body and were toxic.

271.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

272.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

273.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

274.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

275.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

276.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

277.    These injuries can arise months or years after exposure to PFOA.

278.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

279.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

280.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

281.     Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

282.     At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

283.     The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

284.     For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

285.     Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

286.     AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

287.     At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

288.     In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

289.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

290.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

291.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

292.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

293.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

294.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

295.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

296.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

297.    PFOA and PFOS are present in all Defendants' AFFF products.

298.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

299.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

### MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

300.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

301.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

302.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

303.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

304.    The market for AFFF is ascertainable through standard discovery means.

305.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

306.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

307.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

308.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

60

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

309.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

310.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

311.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

312.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

313.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

314.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

315.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

316.    Using their considerable resources to fight PFOA and PFOS regulation; and

317. Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

318. As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

319. Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

320. Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

321. Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

322. Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

323. Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

324. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

325. This cause of action is brought pursuant to Colorado law.

326.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

327.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

328.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

329.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

330.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

331.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

332.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

333.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

334.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

335.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

336.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

337.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

338.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

339.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

340.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

341.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

342.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

343.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

344.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

345.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

65

346.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

347.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

348.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

349.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

350.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

351.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

352.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

353.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable

66

possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

354.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

### AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

355.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

356.    This cause of action is brought pursuant to Colorado law.

357.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

67

358.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

359.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

360.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

361.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

362.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

363.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

364.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

365.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical

condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

366.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

367.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

368.    This cause of action is brought pursuant to Colorado law.

369.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

370.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

371.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

372.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

373.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

374.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

375.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

376.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

377.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

378.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

379.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

380. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

381. Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

382. As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

383. As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

384. As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

385. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

386. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

71

387.    This cause of action is brought pursuant to Colorado law.

388.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

389.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

390.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

391.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

392.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

393.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

394.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

395.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

396.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

397.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

398.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

399.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

400.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

401.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

402.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

403.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

404.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

405.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

406.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

407.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

408.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

409.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

410.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

411.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

412.    an order for an award of attorneys' fees and costs, as provided by law;

413.    an award of pre-judgment and post-judgment interest as provided by law; and

414.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

415.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 4, 2018                                    Respectfully Submitted,

**MCDIVITT LAW FIRM**
<u>/s/ Kelly Hyman</u>
Kelly Hyman
Michael W. McDivitt
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com


**NAPOLI SHKOLNIK, PLLC**

Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000

E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com